UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUCKY BRELAND,

                          Plaintiff,

v.                                                     5:15-CV-0414
                                                         (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                      OF COUNSEL:

STANLEY LAW OFFICES, LLP               BARNEY F. BILELLO, ESQ.
 Counsel for Plaintiff                            JAYA A. SHURTLIFF, ESQ.
215 Burnett Ave.                                  STEPHANIE VISCELLI, ESQ.
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.            PETER W. JEWETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## **REPORT and RECOMMENDATION**

      This matter was referred for report and recommendation by the Honorable Judge Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 16.) This case has proceeded in accordance with General Order 18.

      Currently before the Court, in this Social Security action filed by Lucky Breland ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 14, 15.) For the reasons set forth below, it is recommended that Plaintiff's motion be denied and Defendant's motion be granted.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on April 12, 1963. (T. 241.) He completed high school. (T. 705.) Generally, Plaintiff's alleged disability consists of neck, back, and shoulder injuries. (T. 705.) His alleged disability onset date is January 5, 2009. (T. 135.) He previously worked as a laborer, car detailer, telemarketer, and housekeeper. (T. 706.)

### B. Procedural History

On August 12, 2011, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 135.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On December 4, 2013, Plaintiff appeared before the ALJ, John P. Ramos. (T. 75-114.) On February 10, 2014, ALJ Ramos issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 7-26.) On April 1, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-18.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 12, 2011. (T. 12.) Second, the ALJ found that

2

Plaintiff had the severe impairments of degenerative disc disease of the cervical and lumbar spine and a history of left shoulder surgery. (*Id.*) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 14.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work: Plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently; sit for six hours in an eight hour workday; and stand/walk for six hours in an eight hour workday. (*Id.*)[1] The ALJ determined that Plaintiff should avoid overhead lifting. (*Id.*) Fifth, the ALJ determined that Plaintiff was capable of performing his past relevant work as a telemarketer. (T. 17.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes three separate arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ's RFC finding for a range of light work was the product of legal error and unsupported by substantial evidence. (Dkt. No. 14 at 10-15 [Pl.'s Mem. of Law].) Second, Plaintiff argues the ALJ failed to evaluate Plaintiff's subjective statements in accordance with the relevant legal standards. (*Id.* at 15-18.) Third, and lastly, Plaintiff argues the ALJ's step four finding was unsupported by substantial evidence. (*Id.* at 18-19.)

### B. Defendant's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

In response, Defendant makes three arguments.  First, Defendant argues the ALJ properly weighed the medical opinion evidence.  (Dkt. No. 15 at 4-6 [Def.'s Mem. of Law].)  Second, Defendant argues the ALJ correctly found that Plaintiff was not fully credible.  (*Id.* at 7-9.)  Third, and lastly, Defendant argues the ALJ's step four determination was proper.  (*Id.* at 9.)

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which

5

is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Evaluation of Medical Evidence in the Record

Plaintiff's RFC is the most he can still do despite his limitations. 20 C.F.R. § 416.945(a). In formulating Plaintiff's RFC, the ALJ will consider all the relevant evidence in Plaintiff's case record. *Id.* at § 416.945(a).

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 416.927(c)(2)(i)-(iv). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR

96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

Plaintiff argues that the ALJ erred in his evaluation of a statement by Plaintiff's treating source, Ann M. Calkins, M.D., in which she accepted the limitations found in a Functional Capacity Evaluation ("FCE") completed by physical therapist, Kenneth T. Carter. (Dkt. No. 14 at 10-15 [Pl.'s Mem. of Law].) Specifically, Plaintiff argues the ALJ failed to apply the factors set forth in 20 C.F.R. § 416.927. (*Id.* at 14.) Plaintiff also argues that the ALJ erred in providing "significant weight" to the consultative examiner's opinion which Plaintiff argues was insufficient to overcome Dr. Calkins's statement adopting the FCE. (*Id.* at 14-15.)

On November 16, 2010, PT Carter completed an FCE form. (T. 931.)[2] In a letter dated August 27, 2013, Dr. Calkins checked "yes" on a form which posed the question: "Do you agree with the limitations of function as opined by the physical therapist in the annexed [FCE] dated November 16, 2010?" (T. 1102.) The ALJ afforded Dr. Calkins's August 27th statement "less weight." (T. 16.) The ALJ reasoned that the FCE was not supported by "any notes, explanations of methodology, or anything further with would substantiate or explain the conclusions set forth therein." (*Id.*) The ALJ further stated that Dr. Calkins did not explain her rationale for adopting the FCE. (*Id.*)

First, the ALJ did not commit legal error in his evaluation of Dr. Calkins's statement. The ALJ's analysis clearly indicated that Dr. Calkins's opinion, and the FCE, were not supported by diagnostic techniques, nor where they consistent with other

---

[2] The FCE essentially stated that Plaintiff could not perform the lifting requirements of sedentary work; could occasionally sit, stand, walk, forward reach; and never overhead reach, bend, balance, kneel, crawl or climb ladders. (T. 931.) The FCE did not contain any additional findings or notations. *Id.*

7

substantial evidence in the record in accordance with 20 C.F.R. § 416.927(c)(2). (T. 16.) In his analysis, the ALJ acknowledged that Dr. Calkins was Plaintiff's treating pain management doctor in accordance with 20 C.F.R. § 416.927(c)(2)(i) and (iv). (*Id.*) The ALJ's decision further reasoned that the FCE, and Dr. Calkins's statement adopting the FCE, were not supported by notes or explanations in accordance with 20 C.F.R. § 416.927(c)(2)(iii). (*Id.*) Therefore, contrary to Plaintiff's argument, the ALJ properly adhered to the Regulations as set out in 20 C.F.R. § 416.927 in his evaluation of Dr. Calkins's statement.

Second, the ALJ properly afforded Dr. Calkins's statement weight. Plaintiff argues Dr. Calkins's examinations were consistent with the findings in the FCE; however, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir.1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review). Here, Plaintiff has failed to show that no reasonable factfinder could have reached the ALJ's conclusions. The ALJ

8

properly afforded less weight to Dr. Calkins's statement and his RFC determination was supported by the opinion evidence provided by other medical sources in the record.

Contrary to Plaintiff's argument, the ALJ relied on other substantial evidence to "refute" Dr. Calkins's statement. (Dkt. No. 14 at 14 [Pl.'s Mem. of Law].) In formulating his RFC, the ALJ relied on the medical source statement of consultative examiner, Ammaji Manyam, M.D., and the opinions of independent medical examiner, Daniel Carr, M.D. (T. 16); *Russitano v. Colvin*, No. 6:14-CV-403, 2015 WL 4496383, at *6 (N.D.N.Y. July 23, 2015) (ALJ properly accorded little weight to FCE, while according great weight to consultative examiner's opinion, which constituted substantial evidence in support of the ALJ's RFC determination).

Dr. Manyam opined that based on his examination, Plaintiff had no limitations for standing, sitting, climbing, pulling, pushing, lifting, or carrying. (T. 1034.) Dr. Carr opined that Plaintiff could return to work provided he not lift more than thirty pounds and he should not perform repetitive overhead lifting. (T. 1577.) Of note, Dr. Carr suggested that an FCE would be "reasonable;" however, he expressed concern that an FCE would "likely run into the same nonorganic findings as [he] found on exam" and "if [Plaintiff] [did] not put forth full effort on the FCE it [was] not likely going to be able to estimate his full capabilities." (*Id.*) Elsewhere in the record notations indicated that Plaintiff showed poor effort in his FCE (T. 827, 835) and that Plaintiff hyper exaggerated his symptoms (T. 925, 997-999, 1006, 1010).

The ALJ's RFC determination was ultimately supported by the opinions of Dr. Manyam and Dr. Carr. It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such

9

consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 416.912(b) (6), 416.913(c), and 416.927(e).

"[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability." *Baszto v. Astrue,* 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010). The Regulations "recognize that the Commissioner's consultants are highly trained physicians with expertise in evaluation of medical issues in disability claims whose "opinions may constitute substantial evidence in support of residual functional capacity findings." *Lewis v. Colvin*, 122 F. Supp. 3d 1, at 7 (N.D.N.Y. 2015) (citing *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015); *see also Leach ex. Rel. Murray v. Barnhart,* No. 02-CCV-3561, 2004 WL 99935, at *9 (S.D.N.Y.Jan.22, 2004) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.").

In sum, the ALJ did not err in affording Dr. Calkins's statement "less weight." In his analysis of Dr. Calkins's statement, the ALJ followed the Regulations outlined in 20 C.F.R. § 416.927(c)(2). In addition, substantial evidence in the record supported the ALJ's ultimate RFC determination. For the reasons stated herein, and further outlined in Defendant's brief, it is recommended that the ALJ's RFC determination be upheld.

### B.     Credibility Determination

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982

10

F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms. *See* 20 C.F.R. § 416.929; SSR 96-7p. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(a); SSR 96-7p. Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (5) other treatment the claimant receives or has received to relieve his pain or other symptoms; (6) any measures that the claimant takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning claimant's functional

limitations and restrictions due to his pain or other symptoms. 20 C.F.R. § 416.929(c)(3)(i)-(vii); SSR 96-7p.

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning the intensity, persistence and limiting effects of the symptoms were not credible because "they [were] unsupported by medical and other evidence, competent medical opinion, and testimony." (T. 15.) Plaintiff argues the ALJ failed to apply the relevant legal standards in making his credibility determination. (Dkt. No. 14 at 15-18 [Pl.'s Mem. of Law].) Plaintiff contends that the ALJ did not evaluate any of the factors set forth in 20 C.F.R. § 416.929 and instead relied on Plaintiff's need to maintain attached to the labor market as required by New York State Worker's Compensation Law. (*Id.*)

Here, the ALJ properly evaluated Plaintiff's credibility in accordance with the factors outlined in 20 C.F.R. § 416.929 and the ALJ's reliance on Plaintiff's job search was but one factor in his overall credibility determination. In his credibility determination the ALJ outlined Plaintiff's testimony regarding the limiting effects of his symptoms including his activities of daily living. (T. 15); 20 C.F.R. § 416.929(c)(3)(i), (ii). The ALJ discussed the objective medical evidence in the record which he concluded failed to support Plaintiff's alleged severity of symptoms. (*Id.*); 20 C.F.R. § 416.929(a). The ALJ discussed that Plaintiff was seeking employment and testified at the hearing that he felt he could work as a personal assistant trainer once he got his certification. (*Id.*); 20 C.F.R. § 416.929(c)(3)(vii). The ALJ also outlined inconsistencies in the record regarding Plaintiff's testimony. (T. 15-16.) The ALJ's reasoning and adherence to the

Regulations was clear and therefore the ALJ did not commit legal error in his credibility determination. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ( "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Further, the ALJ properly relied on Plaintiff's testimony that he sought employment and was receiving vocational rehabilitation training through the VA. (T. 16.) Plaintiff testified at the hearing that he felt he could perform work as a personal trainer once he received his certification. (T. 15.) Plaintiff's testimony regarding his seeking employment and that he felt he was able to work, was but one factor considered by the ALJ in making his credibility determination. As outlined herein, the ALJ properly relied on objective medical evidence and the factors outlined in the Regulations. Therefore, it is recommended that for the reasons stated herein, and further outlined in Defendant's brief, the ALJ's credibility determination be upheld.

### C. The ALJ's Step Four Determination

At step four of the five step sequential evaluation process for determining whether an individual is disabled, the ALJ must determine whether Plaintiff has the RFC to perform the requirements of his past relevant work. 20 C.F.R. § 416.920(f). The term past relevant work is defined as "work that [the claimant] has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it. 20 C.F.R. § 416.960(b)(1). Plaintiff will be found not disabled if it is determined that he has the RFC to perform: "1. The actual functional demands and job duties of a particular past relevant job; or 2. The functional demands and job

duties of the occupation as generally required by employers throughout the national economy." SSR 82-61.

Here, the ALJ determined that Plaintiff retained the RFC to perform his past relevant work as a telemarketer. (T. 17.) Plaintiff argues that the ALJ's step four determination must fail because the ALJ's RFC determination was made in error. (Dkt. No. 14 at 18-19 [Pl.'s Mem. of Law].) Because the ALJ's RFC assessment was proper and supported by substantial evidence, the ALJ did not err in his step four determination based on that RFC. Therefore, it is recommended that the ALJ's step four determination be upheld.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the Commissioner's decision be **AFFIRMED**, and the Plaintiff's complaint **DISMISSED.**

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 1, 2016

*Bill Carter*

William B. Mitchell Carter
U.S. Magistrate Judge